IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Shane Marcus Turnbo,

        Petitioner,

vs.

Charles L. Ryan, DOC Director, and
State of Arizona,

        Respondents.

Case No.  2:14-cv-00113-PHX-SLG

## ORDER DENYING PETITION FOR HABEAS CORPUS

     Before the Court at Docket 1 is the Petition for Writ of Habeas Corpus filed by Petitioner Shane Marcus Turnbo pursuant to 28 U.S.C. § 2254.  An Answer to the Petition was filed at Docket 18.  On April 24, 2015, at Docket 19, Magistrate Judge Michelle H. Burns issued a Report and Recommendation.  The Magistrate Judge concluded that Mr. Turnbo's petition was time-barred and recommended that this action be dismissed with prejudice.  Mr. Turnbo filed Objections to the Report and Recommendation (Docket 22).

     The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1).  That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."[1]  The court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[2]  But when no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

The Antiterrorism and Effective Death Penalty Act (AEDPA) creates a one year statute of limitations for an application for a writ of habeas corpus to be filed by a person in custody pursuant to the judgment of a state court.[4]  The Report and Recommendation thoroughly sets out the applicable law on the standards for habeas relief, as well as the law on statutory and equitable tolling.  It concludes that Mr. Turnbo filed his habeas petition approximately four years after the one year statute of limitations expired and that the statute of limitations was not equitably tolled during this period.

Mr. Turnbo does not object to the magistrate's conclusion that his petition falls outside of AEDPA's one year statute of limitations.  Instead, he asserts that there is a rebuttable presumption that equitable tolling applies.  But the cases upon which Mr. Turnbo relies hold only that equitable tolling is *available* in AEDPA cases; they do not

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[4] 28 U.S.C. § 2244(d)(1).

presume that equitable tolling applies in this habeas action without any showing by the petitioner.[5]  Although the main case on which Mr. Turnbo relies, *Holland v. Florida*, uses the term "rebuttable presumption" which Mr. Turnbo quotes,[6] the Supreme Court appeared to be using that term in the context of adding doctrinal support for its holding that equitable tolling should be *available*.  The Court does not read *Holland* as granting a rebuttable presumption to each litigant that equitable tolling applies.  Rather, in *Holland* the Supreme Court held, as Mr. Turbo acknowledges, that before a petitioner is entitled to equitable tolling, the petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[7]  Moreover, a "high threshold [for] extraordinary circumstances is necessary 'lest the exceptions swallow the rule.' "[8]  Accordingly, Mr. Turnbo must demonstrate each of these two requirements in order for equitable tolling to apply in his case.

Mr. Turnbo also asserts that the Magistrate Judge failed to consider as a whole the circumstances supporting his argument that equitably tolling should apply during the four year period.  He asserts that the evidence and his allegations show that he was

---

[5] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the AEDPA is subject to equitable tolling so long as the petitioner shows that he was diligent and extraordinary circumstance prevented him filing); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (declining to apply equitable tolling based on attorney's miscalculation of deadline); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (allowing equitable tolling to be applied against the government as well as private parties in an employment discrimination action).

[6] 560 U.S. at 645-46.

[7] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[8] *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (quoting *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006)).

"pursuing his rights diligently" and was delayed by "exceptional circumstances."[9]  But the Magistrate Judge carefully considered and evaluated each of Mr. Turnbo's reasons for equitable tolling, and this Court, on de novo review, concludes that these reasons, when considered together, do not demonstrate that Mr. Turnbo is entitled to equitable tolling.[10]

Based on this Court's review, and on de novo consideration of Mr. Turnbo's objections, the Court finds that Mr. Turnbo's action for habeas relief is untimely and that equitable tolling is not warranted.  The Court thereby ACCEPTS the Report and Recommendation of Magistrate Judge Michelle H. Burns in its entirety.

Accordingly, IT IS ORDERED that the Petition for Habeas Corpus is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED because Mr. Turnbo has not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).[11]

---

[9] *See, e.g.*, *Pace*, 544 U.S. at 418 ("A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

[10] Mr. Turnbo's request for an evidentiary hearing is also denied because his allegations, even if proven, would be insufficient to provide a basis for equitable tolling. *See Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003) (holding that a habeas petitioner "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling' " (quoting *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006))).

[11] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)).

The Clerk of Court shall enter a final judgment accordingly.

Dated this 7th day of October, 2015.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE